

09-CR-05388-ORD

FILED____ RECEIVED

SEP 1 1 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE BURKE FAMILY LIVING TRUST,

       Plaintiff,

       v.

METROPOLITAN LIFE INSURANCE
COMPANY, a mutual company incorporated
in New York State, a foreign insurance
company,

       Defendant.

Case No. C09-5388 FDB

ORDER DENYING MOTION
FOR REMAND TO SUPERIOR
COURT

This matter comes before the Court on Plaintiff's Objection to Removal to Federal Court.
The Court construes the objection as a motion for remand to the state superior court. After
reviewing the pleadings submitted by the parties and relied upon for authority, the Court is fully
informed and hereby denies the motion to remand.

**Introduction and Background**

On may 28, 2009, Plaintiff filed a complaint in Thurston County Superior Court of
Washington naming Metropolitan Life Insurance Company as the only defendant. Plaintiff's
complaint alleges causes of action for breach of contract, breach of good faith, unreasonable denial
of claim for insurance coverage, unfair settlement practices, and violation of the Washington

ORDER - 1

1  Consumer Protection Act.  The complaint does not allege any federal causes of action.  In the prayer

2  for relief, Plaintiff seeks damages in an amount equal to the terms of the insurance policy, $50,000,

3  plus an award of reasonable attorney's fees and costs.  Plaintiff also seeks an award of treble

4  damages pursuant to the Washington Insurance Fair Practices Act and Consumer Protection Act,

5  and an award of attorneys fees.

6        On June 26, 2009, Defendant Metropolitan moved the action to this Court asserting diversity

7  jurisdiction. The Notice of Removal states that the action is one in which the United States District

8  Court is given original jurisdiction by reason of diversity of citizenship pursuant to 28 U.S.C.

9  §1332.  Concerning the amount in controversy, the Notice of Removal states that "Plaintiff's claim,

10  which seeks treble damages under both the Washington Insurance fair Conduct Act and Washington

11  Consumer Protection Act, plus attorneys fees and costs, exceeds SEVENTY-FIVE THOUSAND

12  DOLLARS ($75,000)."

13        Plaintiff filed an objection to removal on the basis that Metropolitan has failed to establish

14  that the case meets the $75,000 jurisdictional requirement.  Plaintiff states that the complaint seeks

15  insurance policy benefits in the amount of $50,000, and treble damages pursuant to the Consumer

16  Protection Act that has a statutory ceiling of $10,000.  Plaintiff's counsel has also filed a post-

17  removal declaration indicating that Plaintiff will not seek a total damage award of policy limits,

18  treble damages and attorney fees, in excess of $74,999.

19        Defendant filed a response (surreply to Plaintiff's objection) stating that it was evident from

20  the face of the complaint the amount in controversy exceeds $75, 000.  Defendant asserts that an

21  award of treble damages pursuant to the Washington Insurance Fair Conduct Act (IFCA) could

22  reach $150,000 (three times the $50,000 contract value) and that under the Consumer Protection

23  Act, Plaintiff could obtain an additional award of $10,000.  Defendant also contends that an award

24  of attorney fees "will surely be sizable in the event this matter proceeds to trial."  Thus, it is evident

25  from the complaint that the $75,000 jurisdictional amount is satisfied.

26  ORDER - 2

1  Plaintiff filed a response to Defendant's surreply contending that Defendant has failed to

2  meet the burden of proof and that conclusory statements do not overcome the strong presumption

3  against removal.

**Motion for Remand**

4

5  The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State

6  court of which the district courts of the United States have original jurisdiction, may be removed by

7  the defendant or defendants, to the district court of the United States for any district ... where such

8  action is pending." 28 U.S.C. § 1441(a). One instance in which the district courts of the United

9  States have "original jurisdiction" is where there is complete diversity between the parties and the

10  amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The proper procedure for

11  challenging removal to federal court is a motion to remand. A federal court must order remand if

12  there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal

13  procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts

14  about removability are resolved in favor of remanding the case to state court. Gaus v. Miles, Inc.,

15  980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong

16  presumption against removal, and bears the burden of establishing that removal was proper by a

17  preponderance of evidence. Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04

18  (9th Cir. 1996).

19  The removing defendant bears the burden of establishing federal jurisdiction, including any

20  applicable amount in controversy requirement. Abrego Abrego v. The Dow Chemical Co., 443 F.3d

21  676, 682-83 (9th Cir. 2006). The presumption against removal jurisdiction applies with particular

22  force to defendant's arguments that complaint frames an amount in controversy that exceeds the

23  jurisdictional minimum. Gaus, at 566; Rodgers v. Central Locating Service, Ltd., 412 F. Supp.2d

24  1171, 1175 (W.D. Wash., 2006). Where the complaint does not specify the amount of damages

25  sought, the removing defendant must prove by a preponderance of the evidence that the amount in

26  ORDER - 3

1  controversy requirement has been met.  <u>Abrego Abrego</u>, at 683; <u>Gaus</u>, at 566-67; <u>Sanchez v.</u>

2  <u>Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).  Conclusory allegations by the

3  defendant will not suffice to overcome the traditional presumption against removal jurisdiction.

4  <u>Rodgers</u>, at 1178;  <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 375 (9th Cir. 1997).

5  Instead, the courts may look beyond pleadings and consider other summary judgment type evidence

6  relevant to the amount in controversy, tested as of the time of removal.  <u>Kroske v. U.S. BankCorp.</u>,

7  432 F.3d 976, 980 (9th Cir. 2005); <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004).

8  　　　The Court finds that it is not evident from the face of the complaint that the matter in

9  controversy exceeds $75,000.  The sole damage figure is the claim for $50,000 in death benefits

10  pursuant to the insurance contract.  The arguments addressed to other claims are not evident from

11  the complaint.

12  　　　The jurisdictional minimum may be satisfied by claims of general and specific damages,

13  attorney's fees, and by punitive damages.  <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir.

14  2005); <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 946 (9th Cir. 2001); <u>Galt v. Scandinavia</u>, 142 F.3d

15  1150, 1155-56 (9th Cir. 1998).  In breach of contract cases, the jurisdictional minimum may be

16  satisfied by all amounts for which defendant is allegedly liable, including attorney's fees and

17  exemplary damages. See, e.g., <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005).

18  　　　Metropolitan's removal papers and pleadings assert that the matter in controversy exceeds

19  $75,000.  Defendant has set forth the statutory basis for Plaintiff's claim for an award of treble

20  damages in support of this contention. The Washington Consumer Protection Act permits a treble

21  damage award not to exceed $10,000. The Insurance Fair Conduct Act (IFCA) creates a private

22  cause of action to a first-party claimant who has been unreasonably denied insurance coverage and

23  provides for treble damages and an attorney fee award.  See RCW 48.30.015(1)-(3).  Accordingly,

24  Plaintiff's claims for treble damages amount to $160,000 ($50,000 in contract damages x 3 pursuant

25  to IFCA + $10,000 CPA ceiling on treble damage).

26  ORDER - 4

1    In response to the petition of removal, Plaintiff filed a post-removal declaration stating that

2    the amount being sought against Metropolitan will not exceed $74,999. However, post-removal

3    declarations, stipulations or other events that reduce the amount recoverable, whether beyond the

4    plaintiff's control or the result of plaintiff's own volition, do not oust a court's jurisdiction once it

5    has attached. See, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938);

6    Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); In re Shell Oil Co., 970 F.2d

7    355, 356 (7th Cir. 1992); Simmons v. PCR Technology, 209 F. Supp.2d 1029, 1033 (N.D.

8    Cal.,2002). There is a difference, however, between evidence that clarifies a complaint that

9    previously left the jurisdictional question ambiguous and evidence introduced by a plaintiff that

10   seeks to reduce, not clarify, the demand after removal. See, Marcel v. Pool Co., 5 F.3d 81, 85 (5th

11   Cir.1993); see also, Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D. N.C. 1996) ("[U]ntil

12   jurisdiction becomes determinate, the court may consider any evidence of the amount in

13   controversy.").

14       The Court finds that Plaintiff's declaration seeks to reduce, not clarify the demand for

15   damages and cannot defeat jurisdiction. The damages Plaintiff seeks exceed $75,000. Accordingly,

16   Defendant has established the jurisdictional requirements by a preponderance of the evidence.

17                                        **Conclusion**

18       For the foregoing reasons, Defendant has establish removal jurisdiction.

19       ACCORDINGLY;

20       IT IS ORDERED:

21       Plaintiff's Motion for remand (Objection to removal) [Dkt # 6] is **DENIED**.

22       DATED this _11_ day of September, 2009.

23

24                                    _____

25                                    FRANKLIN D. BURGESS
                                      UNITED STATES DISTRICT JUDGE

26   ORDER - 5